# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ERIC POWERS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00714 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **CARL MANIS, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Eric Powers, Pro Se; Liza S. Simmons, Office of the Attorney General, Richmond, Virginia, for Defendants.*

This prisoner civil rights action under 42 U.S.C. § 1983 is before me on the Report and Recommendation ("Report") of a magistrate judge under 28 U.S.C. § 636(b)(1)(B), (C). It recommends that I should deny the plaintiff's motions seeking preliminary injunctive relief regarding his continued confinement in a specialized unit at a Virginia state prison. The plaintiff, proceeding pro se, has filed a response to the Report that I liberally construe as his objection to the recommended disposition. After conducting a de novo review of the Report, the objection, and pertinent portions of the record in accordance with § 636(b)(1), I will overrule the objection, adopt the Report, and deny the plaintiff's motions for interlocutory relief.

I.

The magistrate judge makes only a recommendation to this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The district judge is charged with making a de novo determination of those portions of a report and recommendation to which a party makes proper objections. 28 U.S.C. § 636(b)(1). A party objecting to the magistrate judge's findings must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." *Moon v. BWX Techs., Inc.*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd in part, vacated in part*, 498 F. App'x 268 (4th Cir. 2012) (unpublished). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation marks and citation omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The party seeking the preliminary injunction must make a clear showing "that he is likely to

succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

In brief, the pro se Complaint by inmate Eric Powers alleges that conditions under which he has been confined at Wallens Ridge State Prison ("Wallens Ridge") have aggravated his diagnosed mental health conditions and caused him to harm himself on multiple occasions. Specifically, he complains about being periodically denied privileges, such as recreation, showers, telephone, and kiosk use; destruction of property; threats of physical harm and name-calling by staff; constant noise; and problems with his religious diet. In his motions for interlocutory relief, Powers seeks to be transferred to Marion Correctional Treatment Center ("MCTC") or to a lower security prison facility within the Virginia Department of Corrections ("VDOC"), based on his completion of certain program requirements.

The Report summarizes the defendants' evidence that while Powers has serious mental health conditions, he has received and/or has had access to evaluation and treatment by mental health professionals on a regular, scheduled basis and upon request, as needed. The Report also reviews the defendants' evidence about efforts that prison staff members make to ensure inmates receive appropriate, safely served food portions, regular recreation and showers, and other privileges, and to enhance safety for all inmates, including those with mental health challenges.

The Report finds, and Powers agrees, that as of April 25, 2020, he has completed program requirements at Wallens Ridge and is now approved for transfer to the Security Diversionary Treatment Program ("SDTP") at River North Correctional Treatment Center ("River North"). Most inmates recently approved for transfers, however, must wait because of current restrictions on inmate movement between facilities in order to reduce the spread of the present coronavirus pandemic. Officials are making exceptions to the suspension of transfers only for medical emergencies.

Powers has responded to the Report and does not challenge the accuracy of any of the defendants' evidence as described therein or raise any proper objection to its legal analysis. Accordingly, I will adopt in full the Report's recommended factual findings and legal conclusions about the conditions and access to care at Wallens Ridge.

As stated, the Report recommends denying interlocutory relief. Some of the defendants whom Powers allegedly feared are no longer working in the same housing unit, and no one is currently preventing Powers from completing programming, as he had previously alleged. Moreover, as stated, when the VDOC lifts its present restriction against transfers between prisons, Powers will be moved to River North. The Report notes that through recent Standing Orders,

> this court has recognized that both the President of the United States and the Governor of the Commonwealth of Virginia have declared

> states of emergency in response to the COVID-19 pandemic and the public health emergency caused by the pandemic. [Defendant] Mathena has provided evidence that due to the Governor's declaration of a state of emergency due to the COVID-19 pandemic, and the fact that VDOC facilities as recent as April 29, 2020, were still seeing active cases of COVID-19, all VDOC transfers and movement between facilities, other than for emergency medical treatment, have been suspended until further notice. Based on the evidence currently before the court, I cannot find that it is in the public interest to second-guess the VDOC's current restrictions and order Powers's transfer at this time.

R. & R. 31, ECF No. 55. Accordingly, the Report recommends denying Powers' motions for immediate transfer.

The pleading that Powers filed in response to the Report describes events he allegedly experienced after it was issued. He states that on May 30, 2020, he had a "psychological breakdown and cut [his] neck and left forearm hoping [he] could bleed out and put an end to [his] pain." Resp. 1, ECF No. 57. He alleges that officers then came to put him in restraints, deployed a chemical weapon, and used physical force to place him on the floor for allegedly trying to spit on them. He claims to have suffered a broken nose and other injuries. He asserts that if the magistrate judge had ordered for him to be transferred or to be placed in a "less stressful pod," he would not have attempted suicide on May 30, 2020, and would not have been assaulted. *Id.* at-3-4. He states, "I wish to appeal" the magistrate judge's decision to deny injunctive relief. *Id.* at 4.

Because Powers is not represented by counsel, I will liberally construe his submission as an objection to the Report's recommendation to deny injunctive relief ordering his immediate transfer.  However, Powers' response does not provide facts that persuade me to reject any of the findings, conclusions, or recommendations in the Report.[1]  Rather, I find the Report to be appropriately grounded in the record evidence and the applicable law.  Accordingly, I will overrule the objection that Powers has raised to the disposition the Report recommends.

II.

For the stated reasons, after de novo review of pertinent portions of the Report and the record, it is **ORDERED** that the plaintiff's objection is OVERRULED; the Report, ECF No. 55, is ADOPTED in its entirety; and the plaintiff's motions seeking interlocutory injunctive relief, ECF Nos. 27, 42, and 48, are DENIED.

                              ENTER:   July 15, 2020

                              /s/  James P. Jones
                              United States District Judge

---

[1] Likewise, the allegations in the response concerning a past incidence of excessive force do not provide any separate ground on which the extraordinary remedy of immediate injunctive relief is warranted.  Powers may later bring a court action concerning the events alleged in his response, but only after exhausting available administrative remedies.  *See* 42 U.S.C. § 1997e(a).  I see no indication from his submission that he has done so.  Moreover, the allegations are unrelated to the claims currently before the court in this action.  Accordingly, I decline to construe the response as a motion seeking to amend the Complaint.