# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ERIC POWERS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:19CV00714 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CARL MANIS, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Eric Powers, Pro Se Plaintiff; Liza S. Simmons, Assistant Attorney General,* OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, *Richmond, Virginia, for Defendants.*

The plaintiff, Eric Powers, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant prison officials had housed him for some time under hazardous living conditions, given his mental health status. Presently before the court are the defendants' Motion for Summary Judgment and Powers's responses thereto. Finding the matter ripe for disposition, I conclude that the defendants' motion must be granted.

At the time Powers filed his Amended Complaint ("Complaint"), he was confined at Wallens Ridge State Prison ("Wallens Ridge"). He alleged that from January 2018 until mid-2020, the Serious Mental Illness Pod had been understaffed; officers often refused to provide him with meals, recreation, showers, telephone use, kiosk use, and mental health classes, made verbal threats or called him names, and

destroyed property; administrators ignored his complaints about cell lighting disturbing his sleep; officials denied his requests for ear plugs and ignored his complaints about his nonfunctional intercom button; these conditions caused Powers to harm himself and attempt suicide; and when he complained about the conditions and harassment, officers said he should just deal with it. As relief in this lawsuit, Powers asked to be transferred to Central State Hospital or Marion Correctional Treatment Center for more adequate recovery and treatment. Powers also provided an affidavit describing incidents in November 2019 when he harmed himself, allegedly because of conditions at Wallens Ridge.

The defendants filed a Motion for Summary Judgment, asserting that Powers' claims are now moot. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive . . . relief with respect to his incarceration there."); *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007) ("Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim."). Powers has responded to the defendants' motion and agrees that his claims are now moot. Powers states:

> On April 25th, 2020, the Multi Institutional Treatment Team graduated me from HSDTP 2 weeks after Serious Mental Illness Coordinator, Allie Lovell, had our multidisciplinary team set up a treatment and progression plan that did not exist for over 2 years prior

> to her ordering them to set it up.  Once they did, the M.I.T.T. realized I had long ago completed all of their programming and so graduated me and approved my transfer to get me away from the ongoing abuse at the hands of Wallens Ridge staff.
>
> So, I agree, all claims are moot.  I've got other important things to work on at the moment.

Resp. 1, ECF No. 64.  In August 2020, Powers notified the court that he had been transferred to River North Correctional Center to participate in its Diversionary Treatment Program.  Currently, Powers is confined at that facility, no longer under the conditions of which he complained at Wallens Ridge and no longer in the custody of the defendants, who are employed there.

For the reasons stated, it is **ORDERED** that the defendants' Motion for Summary Judgment, ECF No. 61, is GRANTED, and all claims are DISMISSED WITH PREJUDICE as moot.

A separate Judgment will enter herewith.

ENTER:  November 5, 2020

/s/  JAMES P. JONES
United States District Judge